# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                           ) | |
|           Plaintiff,       ) | Case No. 2:10-cr-00217- PMP-PAL |
|                           ) | |
| vs.                        ) | **ORDER** |
|                           ) | |
| DRAGOMIR TASKOV, et al.,   ) | (Mtn to Extend - Dkt. #48) |
|                           ) | |
|           Defendants.      ) | |

This matter is before the court on the government's Motion to Set Motions and Response Deadlines and to Continue Calendar Call and Trial Date (Dkt. #48) filed July 2, 2010. The court held a hearing on the Motion on July 6, 2010, noting that the matter had been referred to the undersigned by District Judge Pro.

On May 18, 2010, the grand jury returned an Indictment (Dkt. #1). Defendants Dimitrov, Taskov, and Gueorguiev made their initial appearance on May 20, 2010, were arraigned and entered pleas of not guilty. *See* Dkt. ##8-10. At these Defendants' initial appearances, and based upon the presentation by the government, the court designated this matter as complex and directed the parties to meet and confer and submit a proposed scheduling order requesting changes to the trial date and calendar call date set by Judge Johnston on or before June 4, 2010. *See id.* Dimitrov, Taskov, Gueorguiev were joined for trial, which was set for July 27, 2010, and calendar call was set for July 21, 2010. On June 4, 2010, the parties submitted a Stipulation to Continue Date for Proposed Agreed Complex Case Schedule Pursuant to LCR 16-1(a) (Dkt. #28) until June 18, 2010, which the court approved in an Order (Dkt. #32) entered June 7, 2010. The court also set a status conference for June 24, 2010. *See* Minute Order, Dkt. #30.

/ / /

On June 11, 2010, Defendant Mladenov was scheduled to make an initial appearance, but he did not appear. Mladenov was arrested in California, and made an initial appearance in the Northern District of California pursuant to Rule 5. The court ordered Mladenov released pending his appearance in this district. Counsel for Mladenov was present for Mladenov's scheduled appearance in this district and advised the court that Mladenov had not been released from custody in California because his release bond had not been executed. The court continued Mladenov's initial appearance until June 25, 2010. *See* Minute Order, Dkt. #33.

On June 23, 2010, the parties filed a Stipulation to Continue Status Conference (Dkt. #35), which the court approved in an Order (Dkt. #36) entered June 24, 2010. The status conference was reset for July 6, 2010.

Defendant Mladenov made an initial appearance, was arraigned, and entered a plea of not guilty on June 25, 2010. *See* Dkt. #37. Mladenov was joined for trial with co-Defendants Dimitrov, Taskov, Gueorguiev pursuant to the provisions of 18 U.S.C. § 3161(h)(7). *Id.* Calendar call was set for July 21, 2010, and trial was set for July 27, 2010.

On July 2, 2010, the government filed a Motion to Set Motions and Response Deadlines and to Continue Calendar Call and Trial Date (Dkt. #48). Attached to the government's Motion as Exhibit 1 is a proposed stipulation signed by Defendants Dimitrov, Gueorguiev, and Mladenov requesting to extend the motions deadlines until November 2010 and requesting a nine months' continuance of the July 27, 2010, trial date. Defendant Taskov did not sign the proposed stipulation and opposed any continuance of the trial date.

The court held a status conference and motion hearing on July 6, 2010. The court heard representations of counsel concerning current discovery production and translation issues. Government counsel indicated the government intended to supplement its discovery production, there is a large amount of video evidence, and the government is conducting a forensic review of other electronic evidence. With regard to the Motion to Extend (Dkt. #48), counsel for the government argued that the trial date and calendar call date set by Judge Johnston should be continued because: (a) this case presents complex and novel issues of law and fact; (b) there are many recorded communications intercepted by the government between 2009 and 2010 that are in the Bulgarian language and need to

be translated; and (c) there is voluminous discovery to be produced by the government to the Defendants. Counsel for Taskov objected to the government's request and asserted Taskov's right to a speedy trial, although he conceded he could not review all of the voluminous discovery or listen to the voluminous intercepted communications before the scheduled July 27, 2010 trial date. The remaining Defendants stipulated to proposed dates suggested in the government's motion.

The court held an additional status conference on August 10, 2010, and counsel for the government updated the court concerning its discovery production to Defendants. The government has agreed to provide defense counsel with the translated transcriptions of interpreted communications the government intends to rely upon at trial. Defense counsel have identified a local interpreter to translate discovery in the Bulgarian language. However, the interpreter is not certified to provide translation services in federal court, and there is no local Bulgarian interpreter who is so certified. Lastly, the court inquired when defense counsel would be able to file any motions related to Title III. Defense counsel agreed sixty days would be sufficient, except for Taskov's counsel, who urged the court to allow ninety days. The court directed that defense counsel file all motions related to Title III on or before **October 9, 2010,** unless for good cause shown additional time is required.

Finally, on August 24, 2010, the court held a hearing on Taskov's Motion to Sever (Dkt. 51). The court heard argument from counsel on the motion and orally denied the motion, indicating that a separate written order would be entered. *See* Minute Order, Dkt. #75.

Having reviewed and considered the matter, the court makes the following findings:

1. Defendants Taskov, Dimitrov, Gueorguiev, and Mladenov are currently joined for trial pursuant to the provisions of the Speedy Trial Act.
2. On May 20, 2010, the court found that this case is complex.
3. This is a complex case within the meaning of Title 18 U.S.C. § 3161(h)(8)(B)(ii) because, among other things:
    a. The case presents complex and novel issues of fact and law in that the Indictment charges six defendants with conspiracy to conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371; wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2; interstate transportation of

stolen money and aiding and abetting in violation of 18 U.S.C. §§ 2314 and 2; receipt of converted and fraudulently taken property and aiding and abetting in violation of 18 U.S.C. §§ 2315 and 2; and interstate transportation of stolen money and aiding and abetting in violation of 18 U.S.C. §§ 2314 and 2, by allegedly committing multiple acts involving defrauding automobile dealerships and finance companies by procuring automobile loans and then selling or renting the fraudulently-obtained cars to third parties.

    b.    The discovery in this case involves 15 court orders for the interception of wire and oral communications over a nine-month period in 2009 and 2010. More than 16,000 communications of approximately 1100 hours in duration were intercepted. Intercepted communications are in the Bulgarian language and will need to be translated. There are also approximately 2600 pages of written discovery, video recordings, and GPS tracking logs of cell phones. Thirty CDs containing approximately 20,000 pages of discovery have been produced.

    c.    The government is in the process of conducting a forensic review of computers and other electronic storage devices seized during the execution of search warrants issued in this investigation and anticipate the review may not be completed for several months.

4. The denial of the parties' request for a continuance of the July 27, 2010 trial date would deny counsel for the Defendants sufficient time, in light of the nature of the evidence in this case, within which to be able to effectively and thoroughly prepare for trial taking into account the exercise of due diligence.

5. The additional time requested is excludable under Title 18 U.S.C. §§ 3161(h)(7) and (h)(8)(A), considering the factors under Title 18 U.S.C. §§ 3161(h)(8)(B)(i) and (ii), for purposes of computing the time within which the trial herein must commence under the Speedy Trial Act.

6. The ends of justice served by granting the parties' request to vacate the July 27, 2010 trial date outweigh the best interest of the public and the defendants herein to a speedy

trial, because the failure to grant this request would likely result in a miscarriage of justice.

Having reviewed and considered the parties' case management proposals, the court will deny the request for a nine month continuance of the trial date, but grant a shorter continuance of the trial date and related case management deadlines as set forth below.

**IT IS ORDERED:**

1. The government's Motion to Extend (Dkt. #48) is GRANTED IN PART AND DENIED IN PART as follows:

   a. Deadline for filing all motions related to Title III: **October 9, 2010.**

   b. Deadline for filing all responses related to Title III: **November 8, 2010.**

   c. Deadline for filing all replies related to Title III: **November 23, 2010.**

   d. Deadline for filing all other discovery motions, severance motions, and motions pursuant to LCR 12: **November 8, 2010.**

   e. Deadline for filing responses to discovery motions, severance motions, and motions pursuant to LCR 12: **December 6, 2010.**

   f. Deadline for filing replies to discovery motions, severance motions, and motions pursuant to LCR 12: **December 17, 2010.**

2. Calendar call in this matter is set for **February 2, 2011 at 9:00 a.m.**

3. Trial in this matter is set for **February 8, 2011 at 9:00 a.m.**

Dated this 30th day of August, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE